Anna Y. Park, SBN 164242
Michael Farrell, Fl. BN 0053228
Elizabeth Esparza-Cervantes, SBN 205412
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Wawona Property Management, Inc. d/b/a the Redwoods in Yosemite, and DOES 1-10, Inclusive,<br>Defendants. | Case No.:<br><br>**COMPLAINT**<br>• **CIVIL RIGHTS**<br>• **EMPLOYMENT DISCRIMINATION**<br>**(42 U.S.C. §§ 2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices.  The United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Wawona Property Management, Inc. d/b/a the Redwoods in Yosemite, and Does 1 - 10 ("Defendants") subjected Charging

1  Parties Carol Arce Reyes, Domingo Reyes, Edwin B. Ramirez, Virginia Arce and
2  Jorge Madrigal Arce ("Charging Parties,") and a class of other similarly situated
3  individuals subjected to disparate treatment and harassment, resulting in a hostile
4  work environment, because they are Hispanic / Latino.  The EEOC further alleges
5  that Defendants subjected the Charging Parties and Charging Party Pamela Cornell
6  to retaliation for engaging in protected activity.

7  **JURISDICTION AND VENUE**

8       1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,
9  1331, 1337, 1343, and 1345.

10       2.     This action is authorized and instituted pursuant to Section 706(f)(1)
11  and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
12  2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of
13  1991, 42 U.S.C. § 1981a.

14       3.     The employment practices alleged to be unlawful were committed
15  within the jurisdiction of the United States District Court for the Eastern District of
16  California.

17  **PARTIES**

18       4.     Plaintiff, United States Equal Employment Opportunity Commission,
19  is the federal agency charged with the administration, interpretation, and
20  enforcement of Title VII, and is expressly authorized to bring this action by
21  Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

22       5.     At all relevant times, Defendants have been continuously doing
23  business in California and in the jurisdiction of the United States District Court of
24  the Eastern District of California.

25       6.     At all relevant times, Defendants have continuously employed fifteen
26  (15) or more persons.

27

28

7.    At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

8.    Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive (the "Doe Defendants").  Therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

9.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged.  The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10.    More than thirty days prior to the filing of this lawsuit, Charging Parties Carol Arce Reyes, Domingo Reyes, Edwin B. Ramirez, Virginia Arce, Jorge Madrigal Arce and Pamela Cornell filed charges with the Commission alleging that Defendants violated Title VII.  The Commission investigated and issued a Letter of Determination finding that Defendants subjected Charging Parties and a class of other similarly situated employees to disparate treatment and

1   a hostile work environment on the basis of their national origin, Latino, in violation

2   of Title VII.  The EEOC further determined that Respondent subjected the

3   Charging Parties to retaliation for engaging in protected activity.  Prior to

4   instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment

5   practices herein alleged and to effect voluntary compliance with Title VII through

6   informal methods of conciliation, conference, and persuasion within the meaning

7   of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).  All conditions precedent

8   to the institution of this lawsuit have been fulfilled.

9         11.    Since at least November 2006, Defendants have engaged in unlawful

10  employment practices in violation of and as enforced through Sections 703, and

11  706 of Title VII, 42 U.S.C. §§ 2000e-2, 2000e-5, and 2000e-6.  Defendants

12  subjected Charging Parties and a class of other similarly situated employees to

13  disparate treatment and harassment resulting in a hostile work environment.  The

14  unlawful employment and discriminatory practices include but are not limited to

15  refusal to hire and/or promote, different terms and conditions of employment,

16  intimidation and verbal harassment of the Charging Parties and similarly situated

17  individuals.  Specifically, Defendant targeted Latino employees for heightened

18  scrutiny of their work, disparate discipline, schedule changes, denial of benefits,

19  abusive verbal conduct, refusal to rehire, failure to promote and constructive

20  discharge.  Defendants also failed to take immediate and effective corrective action

21  to prevent the harassment despite complaints from Charging Parties about

22  harassment and disparate treatment.

23        12.    When the Charging Parties rebuked and/or complained about the

24  discrimination, Defendants subjected them to tangible employment actions,

25  including, but not limited to, suspension, reduced work hours, unwarranted

26  reprimands, and termination.

27        13.    The effect of the practices complained of, as described above, has

28  been to deprive Charging Parties and a class of similarly situated employees of

-4-

1   equal employment opportunities and otherwise adversely affect their status as
2   employees, because of their national origin, Latino.

3       14.    The effect of the practices complained of, as described above, has
4   been to deprive Charging Parties and a class of similarly situated employees of
5   equal employment opportunities and otherwise adversely affect their status as
6   employees, because of their rebuking or reporting discrimination and harassment.

7       15.    The unlawful employment practices described in paragraphs 10-14
8   above were intentional.

9       16.    The unlawful employment practices described in paragraphs 10-14
10  above were done with malice or with reckless indifference to the federally
11  protected rights of Charging Parties and a class of similarly situated employees.

12      17.    As a direct and proximate result of the acts of Defendants, as
13  described above, Charging Parties and the class of similarly situated employees
14  have suffered pain and suffering, inconvenience, loss of enjoyment of life,
15  humiliation and damages, all to be proven at trial.

16      **PRAYER FOR RELIEF**

17  Wherefore, the Commission respectfully requests that this Court:

18  A.    Grant a permanent injunction enjoining Defendants, their respective
19  officers, assigns, agents, alter ego, joint employer, integrated enterprise,
20  successors, and all persons in active concert or participation with them, from
21  engaging in any employment practices, which discriminate on the basis of national
22  origin;

23  B.    Order each Defendant to institute and carry out policies, practices, and
24  programs which provide equal employment opportunities, and which eradicate the
25  effects of its past and present unlawful employment practices;

26  C.    Order Defendants to make whole Charging Parties and the class of
27  similarly situated employees by providing the appropriate past and future

28

1  pecuniary losses, and/or other affirmative relief necessary to eradicate the effects
2  of Defendants' unlawful employment practices;

3      D.    Order Defendants to make whole Charging Parties and the class of
4  similarly situated employees by providing compensation for past and future non-
5  pecuniary losses resulting from the unlawful practices complained as described
6  above, including, but not limited to pain and suffering, inconvenience, loss of
7  enjoyment of life, and humiliation, in amounts to be determined at trial;

8      E.    Order Defendants to pay Charging Parties and the class of similarly
9  situated employees punitive damages for its malicious and /or reckless conduct as
10  described above, in amounts to be determined at trial;

11      F.    Grant such further relief as the Court deems necessary and proper in
12  the public interest; and

13      G.    Award the Commission its costs of this action.

14  **JURY TRIAL DEMAND**

15      The Commission requests a jury trial on all questions of fact raised by its
16  complaint.

17                      JAMES LEE
18                      Acting General Counsel
19                      GWENDOLYN YOUNG REAMS
20                      Associate General Counsel
21                      U.S. Equal Employment Opportunity
22                      Commission
                    1801 L Street, N.W.
                    Washington, DC 20507

23  Date: September 25, 2009
24                      BY:_____
                    ANNA Y. PARK
25                      Regional Attorney
26                      U.S. Equal Employment Opportunity
                    Commission
27                      Los Angeles District Office

28