FILED

NOV 0 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Anna Y. Park, Regional Attorney, CA Bar No. 164242
Michael Farrell, Supervisory Trial Attorney, CA Bar No. 266553
Sue J. Noh, Senior Trial Attorney, CA Bar No. 192134
U.S. Equal Employment Opportunity Commission
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1082
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
        sue.noh @eeoc.gov

Attorneys for Plaintiff EEOC

Russell K. Ryan, CA Bar No. 139835
MOTSCHIEDLER, MICHAELIDES & WISHON, LLP
1690 West Shaw Ave., Suite 200
Fresno, CA 93711
Telephone: (559) 439-4000
Facsimile: (559) 439-5654

Attorneys for Defendant
Wawona Property Management, Inc.

LODGED

NOV 0 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WAWONA PROPERTY MANAGEMENT, INC. dba THE REDWOODS IN YOSEMITE, and DOES 1-10, inclusive <br><br> Defendants. | Case No.: 1:09-CV-01693 LJO-SKO <br><br> [PROPOSED] CONSENT DECREE |

1

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant Wawona Property Management, Inc. dba The Redwoods in Yosemite ("Defendant") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff EEOC's complaint against in *U.S. Equal Employment Opportunity Commission v. Wawona Property Management, Inc. dba The Redwoods in Yosemite*, Case No.1:04-CV-016903 LJO-SKO (the "Action").

On September 29, 2009, Plaintiff filed this Action in the United States District Court for the Eastern District of California, for violation of Title VII of the Civil Rights at of 1964, as amended (Title VII). The Action alleged that Defendant discriminated against Charging Parties Carol Arce Reyes, Domingo Reyes, Edwin Ramirez, Virginia Arce, and Jorge Madrigal Arce, and a class of similarly-situated individuals because they are Hispanic/Latino by subjecting them to disparate treatment, harassment, a hostile work environment, and retaliation. The EEOC alleged that Defendant subjected Charging Party Pamela Cornell to retaliation. The Charging Parties and similarly situated individuals are referred to herein as "Claimants."

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as their officers, directors, agents, successors and assigns.  Collectively, the EEOC and Defendant are referred to herein as the "Parties."

B.      The Parties have entered into this Decree for the following purposes:

      1.      To provide appropriate monetary and injunctive relief;

      2.      To ensure employment practices are in compliance with federal law;

      3.      To ensure that Defendant's work environment is free from retaliation;

      4.      To ensure appropriate training in employment discrimination law; and

2

5. To ensure appropriate recording keeping, reporting, and monitoring in Employer's business.

### III.

### RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action.

B. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with the Title VII or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### IV.

### JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The parties agreed, and the court finds, that the terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein and extend the Decree term as warranted by any violations of the Decree.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual written agreement of the Parties signed by both parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree during the term hereof, the EEOC may bring a motion to enforce the Decree.  Prior to filing such a motion, the EEOC will notify Defendants and/or its/their legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) of this decree that the EEOC believes Defendant has breached.  Absent a showing by either party that

the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and shall have five (5) days to attempt to resolve or cure any monetary breach.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days have passed with respect to any non-monetary breach, or five (5) days have passes with respect to any monetary breach, if the Parties have failed to reach a resolution (or failed to stipulate to extend the time further), the EEOC may petition this Court to enforce all terms and conditions of this consent decree, including the provisions breached by Defendant, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the court deems appropriate

## VIII.

### MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant shall pay an aggregate sum of $165,000. The EEOC shall send to the Defendant written notification designating the amount to be distributed to each Claimant represented by the EEOC. The EEOC shall have the sole discretion to designate the monetary settlement amount for each Claimant as deemed appropriate by the EEOC. Within ten (10) days of the Effective Date, Defendant shall forward, via certified mail, a check to each Claimant in the amount designated by the EEOC.

B.     Defendant shall prepare and distribute with the settlement checks a Form 1099 to each of the Claimants. Defendants shall pay each Claimant the monetary settlement amount as designated in the EEOC's settlement distribution notification. The settlement amount shall be deemed as non-wage compensatory damages.

C.     Within three (3) business days of the issuance of each settlement check, Defendants shall submit a copy of the check, Form 1099 and any related correspondence

to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## IX.

## INJUNCTIVE RELIEF FOR CLAIMANTS

### A.    Voluntary Resignation and Purging of Discipline

For any Claimant who was terminated, Defendant will agree to report to any and all third parties that: (1) the Claimant is no longer employed as a result of a voluntary resignation; (2) the dates of employment, position held and final rate of pay; and (3) this is the only information that Defendant reports as to all former employees.

### B.    Positive Reference by Designated Employee and Reporting Regarding References

Within ten (10) days of the Effective Date, Defendants shall designate an individual to provide positive references for each of the Claimants represented by the EEOC in this Action ("Reference Designee").  The positive reference shall state the Claimants dates of employment, last job held, final rate of pay, that the employee voluntarily resigned his or her employment, and confirm that this is the only information Defendant's policies permit the company to provide to third parties.

Any change of the person designated as the Reference Designee shall be requested in writing to the EEOC within ten (10) days of any proposed change.   Whenever the Reference Designee receives a request for a reference regarding an EEOC Claimant, the Reference Designee shall provide the Consultant with a written confirmation of the actions taken and provide the first and last name, telephone number and company name that the reference was given to.

## X.

## GENERAL INJUNCTIVE RELIEF

### A.    Non-Discrimination

Defendants, their officers, directors, agents, successors and assigns, all managerial and non-managerial employees, and all those in active concert or participation with them,

or any of them, are hereby enjoined from discriminating against persons in hiring decisions, termination decisions, performance evaluations, transfers, demotions, promotions, and/or any and all terms and conditions of employment.

**B.    Retaliation**

Defendants, their officers, directors, agents, successors and assigns, all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose or effect of retaliating against any current or former employee or applicant, because he or she has in the past or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII;

2.    Filed a charge of discrimination alleging such practice;

3.    Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.    Was identified as a possible witness or claimant in this Action, any investigations, and/or proceedings relating to this case or any claim of a violation of Title VII;

5.    Asserted any right under this Decree; or

6.    Sought and/or received any relief in accordance with this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

**A.  EEO Consultant**

Within thirty days (30) after the Effective Date, Defendant shall retain an outside Equal Employment Opportunity Consultant ("Consultant") with demonstrated experience in the area of employment discrimination and retaliation, to implement and monitor Defendant's compliance with Title VII and the provisions of this Decree. The Consultant shall be subject to the Commission's approval, which shall not be unreasonably withheld. If the Commission does not approve Defendant's proposed Consultant, the Commission shall provide Defendant with a list of at least three suggested candidates acceptable to the

Commission.  Defendant shall bear all costs associated with the selection and retention of the Consultant and the performance of his/her/its duties.  The Consultant shall assist Defendant in the following:

        1.      Developing procedures to handle complaints of discrimination, harassment and retaliation;

        2.      Creating, applying and implementing policies and procedures and to prevent discrimination, harassment and retaliation and to carry out its obligations under this Decree;

        3.      Ensuring employees are provided equal employment opportunities and/or protected against retaliation by reviewing all individual employment decisions;

        4.      Reviewing,  implementing and/or developing procedures and practices to ensure accurate document maintenance including, but not limited to personnel files, payroll data, attendance records and other documents that may affect employment decisions including but not limited to hiring, discipline, termination, transfers, promotions, work assignments, and performance evaluations;

        5.      Review, implement and/or develop (if necessary) procedures and practices to ensure the complete, accurate, and timely/contemporaneous documentation of employment decisions including but not limited to documentation of the identity of those participating in the decision making, the identity of the ultimate decision-maker, a description of the ultimate decision made, and a description of the rationale for the ultimate decision made;

        6.      Training managerial and staff/hourly employees on their rights and responsibilities under Title VII and Defendant's internal policies and procedures against discrimination, harassment, and retaliation, including but not limited to the responsibilities to provide a workplace free of unlawful discrimination;

        7.      Ensuring the application of appropriate and consistent counseling, training, and/or discipline to hold employees and managers accountable for failing to take appropriate action against and/or for engaging in conduct prohibited by Title VII,

Defendants' internal policies and procedures against discrimination, harassment and retaliation, and under this Decree;

8.     Reviewing, implementing, and/or developing procedures and practices pertaining to supervisor performance reviews and adopting a review category regarding supervisors' compliance with Defendant's internal policies, procedures, and practices against discrimination, harassment and retaliation;

9.     Reviewing, implementing, and/or developing procedures and practices for receiving, documenting, and responding to oral and written complaints of discrimination, harassment, and retaliation;

10.     Monitoring and assuring the proper investigation of all complaints of discrimination, harassment, and retaliation;

11.     Ensuring proper communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken;

12.     Ensuring that all reports required by this Decree are accurately compiled and timely submitted; and

13.     Further ensuring compliance with the terms of this Decree.

**B.     Revision of Policies Concerning Discrimination and Harassment**

With the assistance of the Consultant, Defendant shall revise its policy on discrimination and harassment, and provide a copy to the Commission within sixty (60) days after the Effective Date. The revised policy shall include:

1.     A clear explanation of prohibited conduct;

2.     Assurance that employees who make complaints of harassment/discrimination or provide information related to such complaints will be protected against retaliation;

3.     A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (*i.e.* human

9

resources) and external to Defendant (*i.e.*, the EEO Consultant) to whom employees may report discrimination and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

     4.    Assurance that the employer will protect the confidentiality of harassment/discrimination/retaliation complaints to the extent possible;

     5.    A complaint process that provides a prompt, thorough, and impartial investigation;

     6.    A procedure for communicating with the complainant regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

     7.    Assurance that Defendant will take "immediate and appropriate corrective action" within the meaning of the applicable Title VII case law, when it determines that harassment/discrimination and/or retaliation has occurred.

     This revised policy shall promptly be distributed in English and Spanish to all of Defendant's employees (including management/supervisory staff and hourly employees and Defendant's Board of Directors), and shall be included in any new relevant policy or employee manuals distributed to employees by Defendant. Defendant shall collect acknowledgments from each employee who receives the revised policy, in either English or Spanish, as appropriate. The policy dissemination shall be completed company-wide as well as: (1) at the time of hire of each new employee, (2) included in the Employee Handbook, and (3) posted in a conspicuous location frequented by Defendant's employees. For each new managerial or non-managerial employee of Defendants hired after the initial distribution of the Policy described above, Defendants shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment. If Defendant implements any revised version(s) of the Policy during the term of this Consent Decree, Defendant shall provide a copy to the EEOC at least thirty (30) days prior to the distribution of the revisions.

### C.     Performance Evaluation for EEO Compliance

Within thirty (30) days from the Effective Date, Defendant shall develop, incorporate, and/or implement into Defendant's performance evaluation system a criteria for addressing EEO compliance by its supervisors and managers.

### D.     Training

Within ninety (90) days after the Effective Date or sixty (60) days after selection and approval of the Consultant, whichever is later and then annually for each year of the Decree term all of Defendant's Board of Directors, managers, supervisors, and non-management employees shall be required to attend an intensive live training program of at least two (2) hours for managerial employees and one (1) hour for non-management employees.  One training session for non-management employees shall be conducted in Spanish (so long as there are employees at Defendant for whom are not sufficiently fluent in English to understand the training), and one training session for non-management employees shall be conducted in English.  Each staff/hourly employee shall be required to participate in one such training session, in the language (either English or Spanish) that he/she best understands.  Prior to scheduling English or Spanish language training, Defendants shall distribute a form to be completed by each employee regarding the employee's preference for English or Spanish language training.

1.     All employees' training shall include coverage of the subjects of discrimination, harassment and retaliation, and Defendant's revised policies and procedures for reporting and handling complaints of discrimination, harassment and retaliation.

2.     The training of managerial employees shall additionally include training on how to properly handle complaints of discrimination, harassment in a neutral manner, how to take preventive and corrective measures against discrimination, harassment and/or retaliation, and how to recognize and prevent discrimination, harassment and/or retaliation.

3.   Training for employees who are assigned to receive complaints of harassment shall include training on how to conduct investigations.

4.   For the remainder of the term of this Decree, all new employees, and all employees recently promoted from a staff/hourly to a managerial position shall receive the managerial or non-management employee training, as appropriate, within thirty (30) days of hire or promotion.

5.   All employees required to attend such training shall verify their attendance in writing.

Within sixty five (65) days after the Effective Date or forty five (45) days after selection and approval of the Consultant, whichever is later, Defendant shall submit to the EEO Consultant a description of the training to be provided and an outline of the curriculum developed for the trainees.  The EEO Consultant shall inform the EEOC about the date, time, and location of each training program pursuant to this Decree and Defendant agrees that an EEOC representative may attend any such training program

**E.    Record Keeping**

Within sixty (60) days of the Effective Date, Defendants shall establish record-keeping procedures that provide for the tracking of employment decisions, including but not limited to hiring, promotion, transfer, discipline, termination, performance evaluations, complaints of harassment, discrimination and/or retaliation, and the monitoring of such employment decisions and complaints.

Defendants shall establish systems whereby the following documentation is created and maintained pursuant to the afore-mentioned record-keeping procedures:

1.   All documents generated in connection with any decision to hire, involuntarily terminate, transfer, demote or promote any employee including, but not limited to documentation of the identity of those participating in the decision making, the identity of the ultimate decision-maker, a description of the ultimate decision made, and a description of the rationale for the ultimate decision made;

12

2.    All documents generated in connection with any complaint discrimination, the investigation into such complaint and the resolution of the complaint, including the identities of the parties involved;

3.    All documents contained in the official personnel file for that employee;

4.    All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree shall be maintained in the employee's official personnel file;

5.    All documents verifying the occurrence of all training sessions, each of the the English or Spanish training preference forms identified in §XI(D), and names and positions of all attendees for each session as required under this Decree shall be maintained in the employee's official personnel file or tracked in a separate electronic database that is accurately maintained; and

6.    All documents pertaining to the Compliance Officer audits, including but not limited to interview notes, and/or statements, analysis, and all supporting documents.

7.    Any of the above documents pertaining to the above record-keeping requirements shall be provided to the EEOC within ten (10) days of a written request from the EEOC.

**F.    Posting**

Within ten (10) business days of the Effective Date and throughout the term of the Decree, Defendants shall post a notice of the terms of this Decree, in the form attached hereto as Exhibit A, at each of Defendants' facilities in a location where employees clock in/out or frequent for lunch or breaks.

13

### G.    Reporting

#### 1.    Initial Report

Within ninety (90) days of the Effective Date, the Consultant shall provide a report confirming that:

a.    Defendant has revised and redistributed their anti-discrimination policies and procedures;

b.    Defendant has implemented a performance evaluation for supervisors and managers that measures EEO compliance;

c.    Defendant has completed or will complete all training required to be completed;

d.    Defendant have converted the terminations of the Claimants described in §IX to voluntary terminations of employment;

e.    Defendant has established and complied with the record keeping procedure described in *supra* §XI(E); and

f.    Defendant has posted the notice described in supra §XI(F).

The initial report shall also contain a description of:

a.    any potential violations of Title VII and/or Defendant's internal policies, procedures, and practices against discrimination, harassment, and/or retaliation and any remedial action taken, including the names of the individuals alleging discrimination, harassment, and/or retaliation, the nature of allegation, the names of the alleged perpetrators of discrimination, the dates of the alleged discrimination, a brief summary of how each complaint was resolved, the identity of the person who investigated and/or resolved each complaint, and an analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person.  (If no results have been reached as of the time of the report, the result shall be included in the next report.); and

b.     a summary of the results of the Consultant's review of Defendant's employment decisions as set forth in §XI(A)(5) and a description of any corrective action taken where identified as necessary.

## 2.     Annual Report

For the duration of the Decree, the Consultant shall provide to the EEOC an Annual Report containing:

a.     A statement that all training sessions required under this Decree took place;

b.     A statement that the Consultant has reviewed all discrimination, harassment, and/or retaliation complaints and responses thereto described below;

c.     A summary of all complaints of discrimination, harassment, and/or retaliation against Defendant and a description of Defendants' response thereto including the names of the individuals alleging discrimination, harassment, and/or retaliation, the nature of the discrimination alleged discrimination, harassment and/or retaliation, the names of the alleged perpetrators of discrimination, the dates of the alleged discrimination, a brief summary of how each complaint was resolved, the identity of person who investigated and/or resolved each complaint, and an analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person.  (If no results have been reached as of the time of the report, the result shall be included in the next report.);

d.     A summary of:

i)     the status of document maintenance procedures regarding personnel files, payroll data, attendance records and other documents that may affect employment decisions such as hiring, involuntary termination, transfers, and promotions;

ii)     any changes to procedures and practices for receiving, documenting, and responding to oral and written complaints of discrimination, harassment, and/or retaliation;

iii)     any changes to the system of tracking complaints of discrimination, harassment, and/or retaliation; and

15

iv)    any changes to training for employees on their rights and responsibilities regarding Title VII including, but not limited to supervisors' responsibilities toward providing a workplace free of unlawful discrimination, Defendants' policies and procedures, and any relevant obligations under this Decree; and

e.    Confirmation that the Consultant conducted the review of employment actions specified in §XI(B) and a description of any remedial action taken as a result of the review.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A.    During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.    During the term of this Decree, Defendants shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to: For the EEOC: Anna Y. Park, Regional

16

Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012. For Wawona Property Management, Inc.: Russell K. Ryan, Motschiedler, Michaelides & Wishon, LLP, 1690 West Shaw Ave., Suite 200, Fresno, CA 93711.

D.    The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: ___10/30___, 2010    By: _____
                                 Anna Y. Park, Regional Attorney
                                 Attorneys for Plaintiff EEOC

Wawona Property Management, Inc.

Dated: _____, 2010    By:_____
                                 Rick Stephens
                                 Chairperson of the Board of Directors of
                                 Defendant Wawona Property Management, Inc.

MOTSCHIEDLER, MICHAELIDES & WISHON, LLP

Dated: _____, 2010    By:_____
                                 Russell K. Ryan
                                 Attorneys for Defendant
                                 Wawona Property Management, Inc.

17

Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012. For Wawona Property Management, Inc.: Russell K. Ryan, Motschiedler, Michaelides & Wishon, LLP, 1690 West Shaw Ave., Suite 200, Fresno, CA 93711.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: September__, 2010

By:_____
         Anna Y. Park, Regional Attorney
    Attorneys for Plaintiff EEOC

Wawona Property Management, Inc.

Dated: September __, 2010

By:_____
       Rick Stephens
Chairperson of the Board of Directors of Defendant Wawona Property Management, Inc.

MOTSCHIEDLER, MICHAELIDES & WISHON, LLP

Dated: September__, 2010

By:_____
         Russell K. Ryan
Attorneys for Defendant
Wawona Property Management, Inc.

{05055/0000//224360.DOC}

17

Case 1:09-cv-01693-LJO-SKO   Document 23   Filed 11/02/10   Page 19 of 22

1 | Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street,
2 | 4th Floor, Los Angeles, CA, 90012. For Wawona Property Management, Inc.: Russell
3 | K. Ryan, Motschiedler, Michaelides & Wishon, LLP, 1690 West Shaw Ave., Suite 200,
4 | Fresno, CA 93711.

5      D.    The Parties agree to entry of this Decree and judgment subject to final
6 | approval by the Court.

7      All parties, through the undersigned, respectfully apply for entry of this Consent
8 | Decree Order.

9

10                             Respectfully submitted,

11                             U.S. EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION

12

13 | Dated: September__, 2010          By:_____
                               Anna Y. Park, Regional Attorney

14                             Attorneys for Plaintiff EEOC

15                           Wawona Property Management, Inc.

16

17

18 | Dated: September 30, 2010        By:_____
                             Rick Stephens

19                           Chairperson of the Board of Directors of
                          Defendant Wawona Property Management, Inc.

20     .                  MOTSCHIEDLER, MICHAELIDES &
                          WISHON, LLP

21

22

23 | Dated: September 30 2010      By:_____
                               Russell K. Ryan

24                           Attorneys for Defendant
                          Wawona Property Management, Inc.

25

26

27

28

{05055/0000/224360.DOC}

17

1

# [PROPOSED] ORDER

2       The provisions of the foregoing Consent Decree are hereby approved and

3  compliance with all provisions thereof is HEREBY ORDERED. The Court shall retain

4  jurisdiction over the above-entitled action for the duration of this Consent Decree.

5       IT IS SO ORDERED.

6

7  Date: __ Nov 2, 2010 __

8                      The Honorable Lawrence J. O'Neill
United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

EXHIBIT   "A"

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *U.S. Equal Employment Opportunity Commission v. Wawona Property Management, Inc. dba The Redwoods in Yosemite*, Case No.1:04-CV-016903 LJO-SKO settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Wawona Property Management ("Wawona") violated Title VII of the Civil Rights Act of 1964, as amended by discriminating against a class of employees Hispanic employees and retaliated against these employees and another non-Hispanic employee for engaging in protected activity in opposition to the discrimination.

This lawsuit has been resolved through a Consent Decree which requires, among other things, that Wawona:

1)    provide periodic reports to the EEOC of its employment practices;

2)    provide training to its employees to prevent and correct discrimination; and

3)    hire an outside Consultant to assist Wawona in preventing and correcting any discriminatory employment practices.

The EEOC enforces the federal laws against discrimination in employment on the basis of age, disability, race, color, religion, national origin, sex, and pregnancy.  If you believe you have been discriminated against, you may contact the EEOC at

2300 TULARE STREET, SUITE 215
FRESNO, CALIFORNIA  93721
(559)487-5793

No action may be taken against you by any management official of for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under the Title VII.  Should any such retaliatory actions be taken against you, you should contact the EEOC.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney Anna Park, EEOC, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.**

Date: _Nov 2, 2010_        _signature_

The Honorable Lawrence J. O'Neill
United States District Court Judge

20